UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CORY COPELIN, #373223,

                Plaintiff,

     -against-

SUFFOLK COUNTY, JOHN SCHULTZ,*Deputy
Sheriff Investigator, #252*, SGT. ROBERT
STARKE, *Deputy Sheriff Investigator*, WILLIAM
WEICK, *Deputy Sheriff Investigator*,
                Defendants.
------------------------------------------------------------X

ORDER
13-CV-3237 (SJF)(AKT)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  SEP 3 0 2013  ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

      On June 3, 2013, incarcerated *pro se* plaintiff Cory Copelin ("plaintiff") filed a civil rights

complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants,

Suffolk County ("the County") and Deputy Sheriff Investigators John Schultz ("Schultz"),

Sergeant Robert Starke ("Starke") and William Weick ("Weick") (collectively, "the individual

defendants"), accompanied by an application to proceed *in forma pauperis*. Since plaintiff's

financial status, as set forth in his declaration in support of his application to proceed *in forma

pauperis*, qualifies him to file the complaint without prepayment of the filing fees, see 28 U.S.C.

§ 1915(a)(1), the application to proceed *in forma pauperis* is GRANTED. However, for the

reasons set forth below, plaintiff's claims against the County are *sua sponte* dismissed for failure

to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii) and

1915A(b)(1).

I.    The Complaint[1]

Plaintiff alleges that on February 29, 2012, he and Patricia Newell ("Newell") were staying at the Marriott Residence Inn, located at 25 Middle Avenue, Holtsville, New York, when they were "subjected to the warrantless breaking and [e]ntering of temporary residence by" the individual defendants; "forced to strip naked and bendover [sic] and cough in the presence of" the individual defendants; and then "cuffed and dragged into hallway in presence of other officers." (Statement of Claim attached to the Complaint ["Stat. of Claim"], ¶¶ (1)-(2)). According to plaintiff, Starke told him "his life was over," then all of his jewelry was removed from his "wrist and room" and Starke said: "we'll take this[.]" (Stat. of Claim, ¶ IV(3)).

As a result of "[i]tems" found in an overnight bag and a "small amount" of narcotics found in a water bottle in the refrigerator, and "based on the statement of Peter Cornell who was arrested on [d]rug poss[ession] in Coram N.Y. [e]arlier that day," plaintiff was charged with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. (Stat. of Claim, ¶¶ IV(4)-(5)). Plaintiff was arraigned in district court on all of the charges and was "malicously [sic] prosecuted for approx[imately] 14 [months] * * *." (Stat. of Claim, ¶ IV(6)). Plaintiff alleges that he was denied due process and his right to a speedy trial as a result of being "held in custody a number of months on [f]alse and [f]raudulent documents." (Stat. of Claim, ¶ IV(7)).

On May 8, 2013, "all charges pertaining to this incident were dismissed in the [i]nterest of [j]ustice * * *." (Stat. of Claim, ¶ IV(8)). Plaintiff alleges that the individual defendants "carried

---

[1]    All material allegations in the complaint are assumed to be true for the purposes of this order, see, e.g. Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

out these acts in individual and [p]rofessional capacity and were hired and trained by Suffolk County." (Stat. of Claim, ¶ IV(8)).

Plaintiff asserts claims for false arrest, assault, battery, "malicious arrest," "[i]ntentional, [r]eckless infliction of [e]motional [d]istress," "[g]ross [n]egligence in supervising subordinates" and excessive force. (Compl., ¶ IV.A). As injuries, he claims only mental anguish and that "Mental Health Treatment being Sought." Id. Plaintiff seeks: (a) to recover compensatory, "monetory [sic]" and punitive damages, as well as damages for "constitutional injury," in the amount of ten million dollars ($10,000,000.00) each, for a total damages award of forty million dollars ($40,000,000.00); and (b) an order of protection against all defendants. (Compl. ¶ V.)

II.     Discussion

        A.      Standard of Review

        Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

        It is axiomatic that district courts are required to read *pro se* complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Sykes v. Bank of America, 723 F.3d 399, 403 (2d Cir. 2013), and to construe them "to raise the strongest arguments [that they] suggest[]." Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (quotations and citations

3

omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Harrington v. County of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quotations and citation omitted); see also Anderson News, LLC v. American Media, Inc, 680 F.3d 162, 182 (2d Cir. 2012), cert. denied by Curtis Circulation Co. v. Anderson News, LLC, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013) (accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 678, 129 S.Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955); see also Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (accord). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Ashcroft, 556 U.S. at 678, 129 S.Ct. at 1949; see also Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011) (accord).

B.    Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

"[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to

4

be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

### 1.   Municipal Liability

"[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." Id.; see also Connick v. Thompson, 131 S.Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); Los Angeles County, California v. Humphries, 131 S. Ct. 447, 452, 178 L. Ed. 2d 460 (2010) ("[A] municipality cannot be held liable solely for the acts of others, e.g., *solely* because it employs a tortfeasor." (emphasis in original) (quotations and citation omitted)); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To prevail on a Section 1983 claim against a municipality, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the

5

constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008); see also Connick, 131 S.Ct. at 1359 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting Monell, 436 U.S. at 691, 98 S.Ct. 2018)); Humphries, 131 S.Ct. at 452 ("[A] municipality may be held liable when execution of a government's *policy or custom* . . . inflicts the injury." (emphasis in original) (quotations and citation omitted)).

"A municipal policy may be pronounced or tacit and reflected in either action or inaction." Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011), cert. denied, 132 S. Ct. 1741, 182 L. Ed. 2d 528 (2012). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 131 S.Ct. at 1359.

In addition, municipal liability can be established "by showing that a policymaking official ordered or ratified the employee's actions– either expressly or tacitly." Jones, 691 F.3d at 81. "Thus, a plaintiff can prevail against a municipality by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them." Id. To establish such deliberate indifference, "a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." Id. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Id. (quotations and citation omitted). "[D]eliberate indifference requires a showing that the official made a conscious choice, and was not merely negligent." Id.; see also Cash, 654 F.3d at 334.

"[D]eliberate indifference may be inferred where the need for more or better supervision to

6

protect against constitutional violations was obvious * * * but the policymaker failed to make meaningful efforts to address the risk of harm to plaintiffs." Cash, 654 F.3d at 334 (quotations, alterations and citations omitted). Moreover, "[i]n limited circumstances, a [municipality's] decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of Section 1983." Connick, 131 S. Ct. at 1359. "To satisfy [Section 1983], a municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact." Id. (internal quotations, alterations and citation omitted). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Id. "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Id. at 1360.[2]

To state a claim for municipal liability under Section 1983, a plaintiff must allege more than that a municipal policy or custom exists. See Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012). "Rather, a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." Id.

Since the complaint is devoid of any factual allegations tending to support an inference that a municipal policy or custom existed that caused the alleged constitutional deprivations of which plaintiff complains, it fails to state a Section 1983 claim against the County. See, e.g., White v. St.

---

[2] Although the Supreme Court recognized "a narrow range of * * * hypothesized single-incident liability" based upon "an obvious need for some form of training," Connick, 131 S.Ct. at 1361, this case does not fall within that narrow and "rare" range of cases, particularly because plaintiff does not allege a complete lack of training of County deputy sheriff investigators or that County deputy sheriff investigators had an "utter lack of an ability to cope with constitutional situations" that existed in the hypothesized single-incident case. Id. at 1363.

7

Joseph's Hospital, 369 Fed. Appx. 225, 226 (2d Cir. Mar.10, 2010) (affirming *sua sponte* dismissal of Section 1983 claim for the plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom, as is required to state a § 1983 claim against a municipality."); see generally City of Waterbury, 542 F.3d at 37–41. Plaintiff has not alleged: (1) the existence of a formal policy which is officially endorsed by the County; (2) actions taken or decisions made by County policymaking officials which caused the alleged violations of his civil rights; (3) a County practice so persistent and widespread as to practically have the force of law; or (4) any facts tending to support an inference that he was caused constitutional injury by the failure of County policymakers to properly train or supervise the individual defendants. Accordingly, plaintiff's Section 1983 claims against the County are *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

C.      Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); see also Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008). "[W]hen addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint

8

gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); see also Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).  Accordingly, plaintiff is granted leave to file an amended complaint correcting the pleading deficiencies in his claims against the County, **provided that any such amended complaint is filed on or before November 4, 2013**, or the claims against the County will be deemed dismissed with prejudice.

III.   Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and plaintiff's claims against the County are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief **unless plaintiff files an amended complaint in accordance with this Order on or before November 4, 2013**.  The Clerk of the Court shall: (1) forward copies of the summonses, the complaint and this Order to the United States Marshal Service for service upon the individual defendants without prepayment of fees; and (2) serve notice of entry of this Order upon plaintiff in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated:      September **30** , 2013
            Central Islip, New York

9